IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

        Plaintiff,                    No. CIV S-10-1415 GGH P

    vs.

SUPERIOR COURT OF SOLANO COUNTY,

        Defendants.            ORDER

_____/

        Plaintiff is civilly committed to a state hospital and purports to have filed an action pursuant to 42 U.S.C. § 1983.  Plaintiff has also requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  However, for the reasons stated below plaintiff's application to proceed in forma pauperis will not be ruled upon now and the complaint is dismissed with leave to amend.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

It is unclear if plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983 or if he is challenging the constitutionality of his current commitment by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court notes that in the last two years plaintiff has filed several cases in the court with similar problems including two before the undersigned, CIV 08-2655 GGH and CIV 09-2800 FCD GGH. In the instant case, plaintiff states that his case involves illegal justice and he received an illegal sentence. He seeks a new trial, his case dismissed and monetary damages. Plaintiff has filed the case on the form used for § 1983 cases.

To the extent that plaintiff seeks to challenge a conviction or sentence the appropriate vehicle is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, not a civil rights action under 42 U.S.C. § 1983.

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

In addition, to the extent that plaintiff sues for money damages for a wrongful conviction, those claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id. The Ninth Circuit held

that Heck applies to SVP detainees with access to habeas relief.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005).

This instant action will be dismissed and plaintiff will be given one additional opportunity to file an amended complaint or a petition for writ of habeas corpus.   Plaintiff will be provided with the form for filing a civil rights action and the form for filing a petition pursuant to 28 U.S.C. § 2254.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. The complaint is dismissed for the reasons discussed above, with leave to submit an amended filing, in the form of either an amended complaint or a petition for writ of habeas corpus, within twenty-eight days from the date of service of this order.  Failure to comply with this order will result in a recommendation that the action be dismissed.

2. The Clerk of the Court is directed to provide plaintiff with the appropriate form for filing a civil rights action under 42 U.S.C. § 1983 and the form for filing a habeas petition under 28 U.S.C. § 2254

DATED: June 18, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB/smit1415.b