IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

      Plaintiff,                No. CIV S-10-1415 FCD GGH P

   vs.

SUPERIOR COURT OF
SOLANO COUNTY,

      Defendants.         FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is civilly committed to a state hospital and has filed an action in this court. On June 18, 2010, the court dismissed plaintiff's action with leave to amend, noting that it was not clear if plaintiff was filing an action pursuant to 42 U.S.C. § 1983 or a writ of habeas corpus. Plaintiff was told the differences between the actions and provided forms for filing both actions. The court noted that in the last two years plaintiff has filed several cases in the court with similar problems including two before the undersigned, CIV 08-2655 GGH and CIV 09-2800 FCD GGH. The undersigned stated that plaintiff would be given only one additional opportunity to file a proper action. On June 28, 2010, plaintiff filed a first amended prisoner civil rights complaint that contains the forms for both civil rights actions and writs of habeas corpus.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff's first amended complaint contains the same deficiencies as the prior complaint. Plaintiff seeks a new trial and to overturn his sentence. Plaintiff also accuses the Superior Court of discrimination, slander and fraud. Plaintiff also refers the court to his other

1 case and appeal for more information, but provides neither document.  While this action could be
2 construed as a writ of habeas corpus, it is too unintelligible to be certain.  Plaintiff has shown that
3 he is unable to amend to provide a more clear statement of the relief he seeks.
4        "A pro se litigant must be given leave to amend his or her complaint unless it is
5 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"
6 Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v.
7 Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458,
8 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th
9 Cir.1987).  Liberality in granting a plaintiff leave to amend "is subject to the qualification that the
10 amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not
11 futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting
12 Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district
13 courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are
14 not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203
15 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a
16 dismissal for failure to state a claim, including whether to make the dismissal with or without
17 leave to amend.")  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097,
18 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district
19 court should grant leave to amend even if no request to amend the pleading was made, unless it
20 determines that the pleading could not be cured by the allegation of other facts.").  This appears
21 to be one of those relatively rare cases when to grant plaintiff further leave to amend would be
22 patently futile.
23        For the reasons set forth above, this court finds that plaintiff's complaint is wholly
24 frivolous, with defects for which no amount of amendment could provide a cure, and for which
25 the undersigned must recommend dismissal with prejudice.
26 \\\\\

1       Good cause appearing, IT IS HEREBY RECOMMENDED that plaintiff's
2 complaint be dismissed with prejudice and this case be closed.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within seven days after service of the objections.  The parties are
9 advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: July 27, 2010

                    /s/ Gregory G. Hollows

              GREGORY G. HOLLOWS
              UNITED STATES MAGISTRATE JUDGE

GGH:AB
smit1415.dis